GREGORY, Circuit Judge,
dissenting.
I cannot find substantial evidence in the record to support Lenertz’s wire fraud conviction. For this reason, I would affirm the district court’s decision to grant Lenertz’s motion for judgement of acquittal.
The majority correctly notes that in order to convict Lenertz of wire fraud, the government must prove: (1) that the scheme to defraud involves a material misrepresentation; and (2) that the defendant acted with fraudulent intent. See Neder v. United States, 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In its indictment, the government alleged that Lenertz made three material misrepresentations in furtherance of his scheme to defraud Bowe and the other investors. However, on appeal, the government concedes that there was insufficient evidence in the record to prove that two of the representations were false and misleading. Thus, the government’s appeal focuses solely on one statement made by Lenertz-that he could negotiate and arrange a $30 million loan commitment to finance the development of Bowe’s resort project-which the government contends is a material misrepresentation.
To successfully prosecute this case, the government must prove that Lenertz’s statement that he “could negotiate and arrange a $30 million loan commitment” was false at the time he made it. See Elmore, 267 F.2d at 603 (noting that “a false promise fraudulently given amounts to a false statement of an existing intent”). The government concedes, as the majority affirms, that there is no direct evidence in *712 the record to prove that Lenertz knew this statement was false when he made it. The success of the government’s case, therefore, depends entirely upon circumstantial evidence. See Ham, 998 F.2d at 1254 (explaining that fraudulent intent, for purposes of establishing a wire fraud conviction, may be proven with circumstantial evidence).
The majority relies upon the following circumstantial evidence to prove that, at the time he made the statement, Lenertz knew that he could not negotiate and arrange the loan commitment: (1) Lenertz’s misrepresentation of several facts about his company; (2) Lenertz’s contract with Bowe, which required Bowe to pay Len-ertz certain consulting and advance fees before Lenertz actually secured the loan commitment; and (8) the testimony of a national bank examiner that, in his opinion, no legitimate lender would commit funding to the resort project based on the documents drafted by Lenertz. Ante, at 710-711. Based on this evidence, the majority concludes that “the jury could have found the essential elements of the crime of wire fraud beyond a reasonable doubt.” Ante, at 711.
I dissent because no rational jury could have inferred the essential elements of the crime of wire fraud based on this circumstantial evidence. Although the government need not “ ‘exclude every reasonable hypothesis other than that of guilt,’ ” United States v. Guadagna, 183 F.3d 122, 130 (2d Cir.1999) (quoting Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954)), the summation of evidence must permit a conclusion of guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 858 (4th Cir.1996); United States v. Hughes, 716 F.2d 234, 240 (4th Cir.1983) (explaining that “the proper construction is to view the evidence together as a coordinated and interrelated whole”). The summation of evidence in this ease, viewing it in the light most favorable to the government, does not prove beyond a reasonable doubt that Lenertz could not negotiate or arrange this deal. Failure to prove this factual element is alone dispositive of the government’s case. Indeed, the evidence establishes only that Lenertz’s ability to negotiate and arrange a deal of this magnitude was questionable — or perhaps that he was an incompetent broker. This incompetence may be sufficient to satisfy the burden of proof for civil liability, but it falls short of satisfying the heightened evidentiary standard necessary to support a criminal conviction for wire fraud. Because I find that the jury’s verdict in this case “crosses the line from permissible inference to improper speculation,” United States v. Teffera, 985 F.2d 1082, 1088 (D.C.Cir.1993), I would uphold the district court’s determination that the government failed to satisfy its burden of proof in this case.
This is a case where the alternate hypotheses consistent with innocence are sufficiently strong that they must be deemed to instill a reasonable doubt in the hypothetical reasonable juror. Teffera, 985 F.2d at 1088. For this reason, I would affirm the district court’s decision on Len-ertz’s motion for judgment of acquittal. I therefore respectfully dissent.